UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MT. HAWLEY INSURANCE CO.

    Plaintiff,

v.                      Case No.: 8:09-cv-890-T-33AEP

SARASOTA RESIDENCES, LLC;
INVESTORS OF SARASOTA, LLC;
DeGUARDIOLA-JENNINGS
DEVELOPMENT, LLC; EVAN JENNINGS;
EDUARD DeGUARDIOLA; and ADMIRALS
WALK CONDOMINIUM ASSOCIATION,
INC.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 75), filed on March 23, 2010. On April 6, 2010, Plaintiff filed its Response in Opposition to Defendants' Motion to Dismiss. (Doc. # 78). For the reasons that follow, the Court will grant the Motion to Dismiss.

**I.**    **Factual Background and Procedural History**

Defendant Sarasota Residences, along with co-defendants, engaged in the conversion of Admirals Walk Apartments to condominiums. (Doc. # 74 at ¶ 2-6). Plaintiff Mt. Hawley Insurance Co. issued a Commercial General Liability policy to Sarasota Residences, Policy No. MGL0139718 effective January

1

10, 2005, to January 10, 2006, the "Policy." (Id. at ¶ 12).[1] Defendant Admirals Walk Condominium Association is a non-profit corporation organized for the operation of the Admirals Walk condominiums. (Doc. # 74-2).

In September 2009, Admirals Walk filed suit against Defendants and others in state court (the "Underlying Complaint," Doc. # 74 at ¶ 21). The Underlying Complaint alleges, among other things, breach of statutory warranty, violation of building codes, and unfair and deceptive trade practices. (Id. at ¶ 22). It further alleges that Defendants were aware that the Admirals Walk Apartments were experiencing ongoing water intrusion and related problems prior to the effective dates of the Policy. (Id. at ¶ 25). Additionally, the Underlying Complaint alleges that after converting the apartments to condominiums, Defendants sold the condominium units without disclosing the water intrusion and related problems. (Id. at ¶ 26-28).

Defendants demanded that Mt. Hawley defend and/or indemnify them for the allegations in the Underlying Complaint. (Id. at ¶ 31). However, on May 13, 2009, Mt.

---

[1] A statement of the policy coverages, while essential for declaratory judgment, is not required for analysis of the Motion to Dismiss.

Hawley advised Defendants that it had no duty to defend or indemnify Defendants. (Id. at ¶ 30).  On May 14, 2009, Mt. Hawley filed a Complaint pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act) and 28 U.S.C. § 2202, asking the Court for declaratory judgment determining its obligations, if any, under the Policy. (Id. at ¶ 8).

On June 22, 2009, Defendants filed suit against Mt. Hawley in state court (the "State Court Claim," Doc. # 63 at 16-26).  The State Court Claim alleges that Mt. Hawley breached its insurance contract with Defendants (Count I) (Id. at 18), and requests declaratory relief to determine Mt. Hawley's obligations under the Policy. (Id. at 21).  It further alleges negligence on the part of Brier Grieves,[2] the insurance agency that sold the Policy to the Defendants. (Id. at 22).

Mt. Hawley filed its Second Amended Complaint for Declaratory Relief (Doc. # 74) on March 9, 2010.[3]  Defendants

---

[2] Brier Grieves is a Florida corporation and thus non-diverse with respect to the Complaint filed with this Court.

[3] The Second Amended Complaint alleges seven counts: No Coverage or Duty to Defend Because Products-Completed Operations Hazard (Converted Buildings) Exclusion Bars Coverage under Mt. Hawley's CGL Policy (Count I); No Coverage or Duty to Defend Because "Breach of Contract" Exclusion Bars Coverage under Mt. Hawley's CGL Policy (Count II); No Coverage under Mt. Hawley's CGL Policy Because Alleged Damages Do Not

3

filed their Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 75) on March 23, 2010. Mt. Hawley filed its Memorandum of Law in Opposition to the Motion to Dismiss (Doc. # 76) on April 6, 2010. The motion is ripe for review.

## II. **Standard of Review**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

Constitute "Property Damage" as Defined by Mt. Hawley's CGL Policy (Count III); No Coverage for a Known Loss under Mt. Hawley's CGL Policy (Count IV); No Coverage or Duty to Defend Because "Intentional Act" Exclusion Bars Coverage under Mt. Hawley's CGL Policy (Count V); "Mold" Exclusion Bars Coverage under Mt. Hawley's CGL Policy (Count VI); and Count 25 Barred Because It Alleges No Relationship between Evan Jennings and Sarasota Residents (Count VII).

4

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

Defendants argue that all seven counts of Mt. Hawley's Second Amended Complaint should be dismissed and this Court should abstain from declaratory judgment action in favor of the pending State Court Claim. (Doc. # 75 at 2). Defendants contend that the Court's jurisdiction under 28 U.S.C. § 2201 is discretionary,[4] and the issues surrounding the procurement and coverages of the Policy can be more completely resolved in state court. (Id. at 4). Furthermore, Defendants argue that allowing Mt. Hawley's Complaint to go forward in this court simultaneously with the State Court Claim could lead to inconsistent verdicts. (Id.).

Mt. Hawley contends that relevant factors warrant the Court's jurisdiction over its declaratory judgment claim.

---

[4] Mt. Hawley filed its Complaint with this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no federal question set forth in the Complaint.

(Doc. # 78 at 4). Furthermore, Mt. Hawley argues that the "first-filed" rule favors denial of Defendants' motion to dismiss, that Florida's non-joinder statute prohibits consolidation of an insurance coverage action with an underlying claim for damages, and that Defendants' negligence action against the insurance broker is not ripe until the question of insurance coverage is resolved.

A. **Discretion in Declaratory Judgment Actions**

In Brillhart v. Excess Ins. Co. of Am., the Supreme Court first set forth the standard governing the abstention doctrine, affording a district court discretion in deciding to dismiss or stay a declaratory judgment action during the pendency of a parallel state court action. 316 U.S. 491 (1942). That standard was affirmed in Wilton v. Seven Falls Co., where the Court noted the language of 28 U.S.C. § 2201[5] along with its characterization as an enabling act as evidence that the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant." 515 U.S. 277, 277-278 (1995).

---

[5] "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

In Brillhart, the Court noted that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. Thus, a district court should consider whether the controversy can better be settled in the state court proceeding based upon the scope of the claims, joinder of necessary parties, etc. Id.

The Eleventh Circuit spoke on the matter in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005). The Ameritas court expanded upon the Brillhart principles with nine factors designed to "aid district courts in balancing state and federal interests":

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

>     (6) whether there is an alternative remedy that is
>     better or more effective;
>     (7) whether the underlying factual issues are
>     important to an informed resolution of the case;
>     (8) whether the state trial court is in a better
>     position to evaluate those factual issues than is
>     the federal court; and
>     (9) whether there is a close nexus between the
>     underlying factual and legal issues and state law
>     and/or public policy, or whether federal common or
>     statutory law dictates a resolution of the
>     declaratory judgment action.

Id. at 1331. This list is not meant to be comprehensive nor does any one factor control. Id.

Defendants note that, in the instant case, the state court has an interest in properties and insurance policies governed by Florida law; the federal action would not resolve the negligence claim against the insurance agency; a federal ruling could result in inconsistent verdicts; the state court action includes all parties to the dispute whereas the federal claim does not; the state court is in a better position to resolve underlying factual issues; the same judge will be hearing all state court claims; and there are no federal statutes involved. (Doc. # 75 at 10-15). Defendants cite abundant case law suggesting that these factors are sufficient to tip the balance in favor of dismissal.[6] (Id.).

---

[6] See e.g. Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 Fed. Appx. 813 (11th Cir. 2008) (holding that district court did not abuse its discretion in deciding to stay a

Mt. Hawley paints a different picture of the Ameritas factors in this case. Mt. Hawley states that federal declaratory judgments regarding insurance coverage in pending state court actions are common, and no public policy is at issue here; the negligence action against the insurance agency cannot proceed until insurance coverage is decided;[7] a federal declaratory action will clarify state questions rather than create the potential for inconsistent verdicts;[8] all parties necessary for the declaratory judgment are already before this Court; and the underlying factual issues have no bearing on the question of insurance coverage.[9] (Doc. # 78 at 5-9). Mt.

---

declaratory judgment action based upon Ameritas factors, even though the case involved maritime law); Penn Miller Ins. Co. v. A.G.-Mart Produce, Inc., 260 Fed. Appx. 175 (11th Cir. 2007) (affirming district court's dismissal of declaratory judgment action based upon the Ameritas factors along with public policy and practical considerations); United Rentals, Inc. v. Auto-Owners Ins. Co., No. 8:07-cv-267-T-23MAP, 2007 WL 2695822 (M.D. Fla. Sept. 10, 2007)(dismissing declaratory judgment because, among other things, resolution of insurance coverage did not settle the entire controversy).

[7] This argument is discussed in Part V Section D, infra.

[8] In support of this argument, Mt. Hawley makes conclusory statements regarding its view of Policy coverage.

[9] Mt. Hawley points out that an insurer's duty to defend is determined based upon the allegations in the complaint against the insured. Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 9-10 (Fla. 2004). However, determination of coverage through declaratory judgment may depend upon facts underlying that claim. Id. Like Higgins, the instant case

9

Hawley also cites case law suggesting that this Court retain jurisdiction,[10] and urges this Court to exercise its discretion liberally because its decision is only reviewed for abuse of discretion. (Doc. # 78 at 9-10).

However, the case law Mt. Hawley cites in support of its assertions involves facts inapposite to the present matter. See e.g. Coregis Ins. Co. v. McCollum, 955 F. Supp. 120 (M.D. Fla. 1997) (finding that the state court claim involved distinct issues and would not resolve the question of insurer's liability); Evanston Ins. Co. v. WCI Communities, Inc., No. 2:06-cv-399-FtM-29SPC, 2007 WL 1452910 (M.D. Fla. May 15, 2007) (retaining jurisdiction because the state court case did not include all of the issues surrounding the federal claim). Furthermore, this Court disagrees that a federal declaratory action will not result in inconsistent verdicts, and that the underlying factual issues have no bearing on the

---

involves a question of the insured's knowledge.

[10] See e.g. Stonington Ins. Co. v. Agricultural & Labor Program, Inc., No. 08-60901-CIV, 2009 WL 302295(S.D. Fla. Feb. 9, 2009) (denying motion to dismiss insurer's declaratory judgment complaint because the state court action was filed later, leaving the state court in no better position to decide the case); Underwriters at Lloyd's London v. Osting-Schwinn, No. 8:05-cv-1460-17TGW, 2006 WL 947815(M.D. Fla. Apr. 1, 2006) (retaining jurisdiction in declaratory judgment action because the state court action was not identical and Ameritas factors did not provide sufficient grounds for dismissal).

question of insurance coverage.

Therefore, the principles that guide a district court in deciding to dismiss or stay a declaratory judgment action weigh in favor of dismissal because another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Here, there are no questions of federal law at issue. Furthermore, resolution of Policy coverage involves questions of fact better understood by the state court hearing the Underlying Claim. Finally, there is less chance for inconsistent verdicts if the same judge hears all cases pending in state court. In short, this Court abstains from declaratory judgment action because the state court can more efficiently settle this controversy.

**B.  First-Filed Rule**

Mt. Hawley argues that this court should exercise jurisdiction pursuant to the "first-filed rule" because Mt. Hawley filed its claim one month before Defendants filed the State Court Claim. (Doc. #78 at 12). Under the "first-filed rule," the court that first has jurisdiction should hear a case when parties have filed competing complaints in separate courts. Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). However, a careful reading of Clohessy and the case law it cites suggests that this rule applies to

11

competing claims filed in separate <u>federal</u> courts, not competing federal and state court actions. <u>Id.</u> ("the federal district courts [should] refrain from interfering with each others' affairs"). In any event, the first-filed rule is a flexible rule designed to "conserve judicial resources and avoid conflicting rulings." <u>Id.</u> Given that this Court must balance similar principles, along with questions of federalism, in determining whether to retain jurisdiction in a declaratory judgment action, it does not follow that the first-filed rule would control in this instance. The Court declines to retain jurisdiction in this matter on the basis of the first-filed rule.

### C. **Florida's Non-Joinder Statute**

Mt. Hawley asserts that Florida's non-joinder statute prohibits Defendants from consolidating an insurance coverage action with an underlying claim for damages. Under Florida law,

> [i]t shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer <u>by a person not an insured under the terms of the liability insurance contract</u> that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136(1)(emphasis added). "An injured person

12

has no beneficial interest in the wrongdoer's liability policy until a judgment is entered against the insured." (General Star Indem. Co. v. Boran Craig Barber Engel Constr., 895 So. 2d 1136, 1138 (Fla. 2d DCA 2005). This rule is meant to ensure that a jury is not influenced by the availability of insurance coverage when determining an insured's liability and damages. Id.

Despite the plain language of the statute, the court in Merchs. & Businessmen's Mut. Ins. Co. v. Bennis held that trying an insured's complaint for declaratory judgment together with the underlying tort action also defeated the policy of the non-joinder statute. 636 So. 2d 593, 595 (Fla. 4th DCA 1994). However, Bennis is distinguishable from the instant case. Bennis involved the insurer's motion to sever an insured's third-party complaint against the insurer from the tort action; trying the two claims together defeated the non-joinder statute. Id. Furthermore, the Bennis court noted that a "trial court has discretion with regard to severance under rule 1.270(b), Florida Rules of Civil Procedure." Id. Should Defendants move to consolidate their separate state court claims, it would be within the state court's discretion to sever them.

    D.    **Abatement of Negligence Action Against Agency**

Mt. Hawley contends that Defendants' negligence action against the insurance agency is not ripe until the question of insurance coverage is resolved. As such, Mt. Hawley argues that the State Court Claim against the insurance agency should be dismissed. Furthermore, Mt. Hawley contends that Defendants added the insurance agency to the State Court Claim merely to prevent removal of that case to federal court.

In <u>Blumberg v. USAA Cas. Ins. Co.</u>, the court found that a negligence cause of action against an insurance agent accrues, and the statute of limitations begins to run, at the conclusion of a related or underlying proceeding. 790 So. 2d 1061, 1065 (Fla. 2001).

> If a negligence . . . action is filed prior to [that] time . . . the defense can move for an abatement or stay of the claim. The moving party will have the burden of demonstrating that the related or underlying judicial proceeding will determine whether damages were incurred which are causally related to the alleged negligence . . . .

<u>Id.</u> However, when premature filing of an action cannot be cured by the passing of time – that is, when the claim is dependent upon the outcome of a separate action – dismissal without prejudice is preferred. <u>Shuck v. Bank of Am.</u>, 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003).

The Eleventh Circuit has followed the reasoning of <u>Blumberg</u> and <u>Shuck</u>. <u>See e.g.</u> <u>Looney v. Protective Life Ins.</u>

Co., No. 8:07-cv-1020-T-17TBM, 2007 WL 2669190 (M.D. Fla. Sept. 6, 2007) (holding that a plaintiff cannot make a claim for an agent's negligence while simultaneously claiming policy coverage); Landmark Am. Ins. Co. v. Moulton Props., No. 3:05cv401/LAC, 2006 WL 2038554 (N.D. Fla. July 19, 2006) (dismissing third-party complaint against insurance broker). However, Defendants' claim against the insurance agency is not before this Court; whether to dismiss or abate that claim is a question for the state court. At best, this argument casts doubt upon Defendants' contention that Mt. Hawley's federal declaratory judgment action cannot resolve the matter because it does not include the insurance agency.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 75) is **GRANTED**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21st</u> day of May 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

15